IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD *et al.*,<br><br>Defendants. | Civil Action No. 6:23-cv-553 |

**MOTION FOR EXPEDITED CONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rules 7(e)-(g), Plaintiffs respectfully request that the Court expedite its consideration of Plaintiffs' Motion for Summary Judgment (ECF No. 10) and set a briefing schedule that allows for resolution of dispositive motions before the challenged rule's effective date of December 26, 2023. Although Plaintiffs propose a schedule below that seeks to be fair to both sides, they stand ready to brief and argue dispositive motions on whatever expedited schedule the Court deems necessary to facilitate a decision before December 26. Plaintiffs have conferred with Defendants but have been unable to reach agreement, and understand that Defendants may propose their own competing schedule.

There is good cause for expedition. The National Labor Relations Board ("NLRB") published the rule challenged in this suit on October 27, 2023. *See* Standard for Determining Joint Employer Status, 88 Fed. Reg. 73,946, codified at 29 C.F.R. § 103.40 ("Joint Employer Rule" or

1

"Rule"). Plaintiffs filed their complaint less than two weeks later (November 9) and their summary judgment motion the next business day (November 13) as soon as a judge was assigned. The Rule is set to take effect on December 26, 2023—the earliest effective date allowed under the Congressional Review Act. *See* 5 U.S.C. § 801(a)(3); 88 Fed. Reg. at 74,017 (citing 5 U.S.C. § 804(2)(A)).

As explained in Plaintiffs' Motion for Summary Judgment and attached declarations, the Joint Employer Rule upends long-established standards governing the scope of employment relationships, and threatens billions of dollars in liability and costs. As Member Kaplan observed in dissent, the Rule's consequences will be "catastrophic." 88 Fed. Reg. at 73,987. If the Rule takes effect, Plaintiffs' member-employers will be forced to reevaluate virtually every contractual relationship to identify potential liabilities. ECF No. 10-12 ¶ 11 (NRF Decl.); ECF No. 10-11 ¶ 20 (NACS Decl.); ECF No. 10-7 ¶ 15 (ABC Decl.). Many will need to change or eliminate their quality-control practices—risking the diminishment of their image and brand reputation. *See* ECF No. 10-5 ¶ 11 (U.S. Chamber Decl.); ECF No. 10-9 ¶¶ 9-11 (IFA Decl.). Some of Plaintiffs' members "may even decline certain business opportunities out of fear of joint-employer liability, killing opportunities for small businesses and harming the economy." ECF No. 10-6 ¶ 13 (AHLA Decl.). In fact, given the Rule's looming ramifications, some members already face "confusion and a dramatic rise in operational and risk management costs." ECF No. 10-13 ¶ 13 (RLC Decl.). To avoid (or at least limit) these harms, a decision *before* the Rule's effective date is of the utmost importance.

It is Plaintiffs' understanding that, on or around November 16, Defendants plan to file a motion to transfer this case to a circuit court of appeals (even though, to Plaintiffs' knowledge, no circuit court has ever exercised original jurisdiction over a party's challenge to an NLRB

rulemaking in the history of the NLRA). Although Plaintiffs firmly disagree with that requested relief, and believe the present rule challenge must be adjudicated by this Court, Plaintiffs propose a schedule that would allow for parallel briefing of Defendants' transfer motion concurrently with summary judgment briefing, rather than a staggered briefing schedule that we understand Defendants to prefer. In light of the compressed timeline necessitated by the NLRB's decision to make the Rule effective on December 26, it is essential to have all dispositive motions briefed and considered together to allow for timely resolution.

For these reasons, Plaintiffs respectfully request that the Court issue an order setting forth the following schedule for briefing on (i) Plaintiffs' already-filed summary-judgment motion (with any cross-motion for summary judgment folded into Defendants' proposed response deadline) and (ii) any transfer motion filed by Defendants:

| **Filing** | **Plaintiffs' Deadline** | **Defendants' Deadline** |
| --- | --- | --- |
| Plaintiffs' Motion for Summary Judgment and Defendants' Motion to Transfer | Monday, November 13 | Thursday, November 16 |
| Defendants' Response to Plaintiffs' Motion for Summary Judgment and Plaintiffs' Response to Defendants' Motion to Transfer | Thursday, November 30 | Thursday, November 30 |
| Plaintiffs' Reply in support of Summary Judgment and Defendants' Reply in support of Transfer | Thursday, December 7 | Thursday, December 7 |

If this schedule does not allow the Court to render a decision on the merits by the Rule's December 26 effective date, Plaintiffs respectfully ask that the Court order a schedule that does.

3

Dated:  November 13, 2023

Stephanie A. Maloney
   D.C. Bar No. 1044276 (*pro hac vice* to be filed)
Jordan L. Von Bokern
   D.C. Bar No. 1032962 (*pro hac vice* to be filed)
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, DC 20062-2000
Telephone: (202) 463-5337
smaloney@uschamber.com
jvonbokern@uschamber.com

*Attorneys for the Chamber of Commerce of the United States of America*

Maury Baskin
  D.C. Bar No. 248898 (*pro hac vice* to be filed)
Littler Mendelson
815 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20006
Telephone:  (202) 842-3400
Facsimile:  (202) 842-0011
mbaskin@littler.com

*Counsel to Associated Builders and Contractors and International Franchise Association*

Angelo I. Amador
   D.C. Bar No. 480031 (*pro hac vice* to be filed)
Restaurant Law Center
2055 L Street, N.W.
Suite 700
Washington, D.C. 20036
Telephone: (202) 331-5913

*Counsel for the Restaurant Law Center*

Respectfully submitted,

/s/ *Pratik A. Shah*
Pratik A. Shah (Lead Attorney)
   D.C. Bar No. 497108 (*pro hac vice*)
James E. Tysse
   D.C. Bar No. 9787522 (*pro hac vice*)
James C. Crowley
   D.C. Bar No. 208946 (*pro hac vice*)
Margaret O. Rusconi
   D.C. Bar No. 1719371 (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
pshah@akingump.com
jtysse@akingump.com
jcrowley@akingump.com
mrusconi@akingump.com

Laura P. Warrick
   Texas Bar No. 24079546
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone:  (214) 969-4770
Facsimile:  (214) 969-4343
lwarrick@akingump.com

*Counsel to Plaintiffs Chamber of Commerce of the United States of America, American Hotel and Lodging Association; Associated Builders and Contractors; Associated General Contractors of America; Coalition for a Democratic Workplace; International Franchise Association; Longview Chamber of Commerce; National Association of Convenience Stores; National Retail Federation; Restaurant Law Center; Texas Association of Business; and Texas Restaurant Association*

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 13, 2023, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, Eastern District of Texas, using the electronic case file system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    */s/ Pratik A. Shah*
    Pratik A. Shah

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that on November 13, 2023, the undersigned complied with the meet and confer requirement in Local Rule CV-7(h).  The undersigned—as well as James E. Tysse, James C. Crowley, and Margaret O. Rusconi—participated in a Zoom call with Defendants' counsel Christine Flack, Dawn Goldstein, Shawnell Barnett, and Elisabeth Campbell.  Despite the undersigned's efforts, the parties could not reach an agreement on the briefing schedule.  Plaintiffs were willing to accept any schedule Defendants proposed, so long as the schedule allowed for a December 26 decision and (relatedly) provided for simultaneous briefing of Plaintiffs' summary-judgment motion and Defendants' anticipated transfer motion.  Defendants maintained that a staggered schedule is necessary so that their transfer motion would be fully briefed first.  In the end, the parties reached an impasse, leaving the matter for the court to resolve.

       */s/ Pratik A. Shah*
       Pratik A. Shah