UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|   |   |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, *et al.*, <br><br> Defendants. | Civil Case No. 6:23-cv-00553-JCB |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION AND PROPOSED ALTERNATIVE BRIEFING SCHEDULE

Defendants National Labor Relations Board, *et al.* (collectively, "the Board") respectfully oppose the Motion for Expedited Consideration (ECF No. 11) filed by Plaintiffs Chamber of Commerce of the United States of America, *et al.* (collectively, "Plaintiffs"). As will be further explained in the Board's forthcoming Motion to Transfer to the D.C. Circuit ("Motion to Transfer"), jurisdiction in this Court is improper under 28 U.S.C. § 1631, and venue is improper under 28 U.S.C. § 2112. Given that jurisdictional questions must be determined prior to considering the merits, conservation of judicial and party resources counsels in favor of determining jurisdiction prior to briefing summary judgment. Further, Plaintiffs have failed to substantiate their claims that there is good cause for their proposed speedy parallel briefing schedule, which will unnecessarily expend the Court's and parties' resources and is prejudicial to

1

the Board. Accordingly, the Board proposes an alternative briefing schedule that will allow the jurisdictional and venue issues to be decided first.

Counsel for the Board has further been authorized to represent that the Board is considering a voluntary extension of the effective date of the rule at issue in this lawsuit under 5 U.S.C. § 705, beyond the current effective date of December 29, 2023. The Board is internally deliberating on this issue but is not able to reach a final determination prior to the filing deadline set by the Court. Counsel for the Board commits to promptly updating the Court and Plaintiffs when the Board decides whether to extend the rule's effective date.

## I. Background

This case involves a facial challenge to a final rule issued by the Board on October 27, 2023, concerning the standards for determining joint-employer status under the National Labor Relations Act [29 U.S.C. §§ 151-169] ("NLRA"). *See* 88 Fed. Reg. 73,946 ("Final Rule"). As the Final Rule explains, the joint-employer doctrine can "determine[] . . . an entity's potential liability for unfair labor practices," *id.* at 73,981, which are set forth by Section 8 of the NLRA. *See* 29 U.S.C. § 158. The Final Rule becomes effective no earlier than December 29, 2023.[1]

Plaintiffs filed the Complaint for Declaratory and Injunctive Relief on November 9, 2023 (ECF No. 1). They then filed a Motion for Summary Judgment (ECF No. 10) and a Motion for Expedited Consideration (ECF No. 11) ("Motion to Expedite") on November 13, 2023. The Motion to Expedite proposes a November 30 deadline for the Board's Opposition to Plaintiffs'

---

[1] December 29 is the effective date for the Final Rule at the time of this filing, pursuant to 5 U.S.C. § 801(a)(3). While the rule itself provides a proposed effective date of December 26, 2023, Section 801(a)(3) provides that a final rule becomes effective 60 days following publication in the Federal Register or when the rule is received by Congress, whichever date is later. *Id.* The Senate did not receive the Final Rule until Monday, October 30; thus, the Final Rule's effective date will be no earlier than December 29, 2023, depending on how the Congressional Review Act process plays out.

Motion for Summary Judgment, and a December 7 deadline for Plaintiffs' Reply to the Board's Opposition.

As noted in the Motion to Expedite (ECF 11, at 3), the Board has informed Plaintiffs of its intent to file a Motion to Transfer on the basis that this Court lacks subject-matter jurisdiction to review the Complaint and that venue is improper. Plaintiffs' Motion to Expedite proposes that briefing concerning these threshold jurisdictional issues be intertwined and scheduled parallel with merits briefing, such that Defendants' Motion to Transfer would be due November 16; Plaintiffs' Response to Defendants' Motion to Transfer would be due November 30; and Defendants' Reply in Support of Transfer would be due December 7. The Board has also informed Plaintiffs that, should this Court order briefing on Plaintiffs' Motion for Summary Judgment, the Board intends to file a Cross-Motion for Summary Judgment, which would ideally be briefed concurrently with Plaintiffs' Motion for Summary Judgment.

Set forth below is an alternative schedule that would allow the Court the opportunity to expeditiously address the threshold jurisdictional and venue issues, while also accommodating Plaintiffs' desire to obtain a ruling on the merits (should the Court find it necessary to reach this issue) prior to the effective date of the Final Rule.

### II. Jurisdiction and venue determinations should be made prior to a ruling on the merits

It is settled law that a federal court must first generally determine that it has jurisdiction over a case prior to proceeding to the merits and ruling on a motion for summary judgment.[2] The Board's position that this Court lacks subject matter jurisdiction and is the improper venue

---

[2] *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (28 U.S.C. § 1631 authorizes the court *solely* "to make a single decision upon concluding that it lack[ed] jurisdiction—whether to dismiss the case or, 'in the interest of justice' to transfer it to a court . . . that has jurisdiction").

3

for this litigation is well supported by Fifth Circuit case law,[3] as well as the D.C. Circuit's recent decision in *AFL-CIO v. NLRB*.[4] That decision interprets the direct-review provision of the NLRA, and specifically the term "order," to cover rules, such as the Final Rule, which concern, regulate, or pertain to unfair labor practices.[5] Indeed, as described in the Board's Notice of Related Case filed on November 14, 2023 (ECF No. 14), another party challenging the Final Rule filed a petition for review in the D.C. Circuit several days before Plaintiffs filed the instant complaint. The Board anticipates filing its Motion to Transfer, which will more fully support its arguments on these points, on or before November 16, 2023.

The need to determine jurisdiction as a threshold issue is particularly acute here because the jurisdictional arguments are divorced from the underlying merits of the case. As the Fifth Circuit has held, "[j]udicial economy is served by addressing the antecedent question of jurisdiction at the outset" whenever jurisdictional issues are not "so intertwined with the underlying causes of action as to be inextricable."[6] In considering whether jurisdiction should be considered factually distinct from the merits, the Fifth Circuit has developed a three-part inquiry: 1) "does the statutory source of jurisdiction differ from the source of the federal claim?"; 2) "can

---

[3] *See Ligon v. LaHood*, 614 F.3d 150, 154 (5th Cir. 2010) (applying "expansive construction" to the term "order" in a direct appellate review provision under the Federal Aviation Act and finding that district court did not have jurisdiction over plaintiff's disability claims) (citing *Atorie Air, Inc. v. FAA*, 942 F.2d 954, 960 (5th Cir. 1991)).

[4] 57 F.4th 1023, 1032-33 (D.C. Cir. 2023).

[5] *See* 29 U.S.C. § 160(f) (providing for direct review of a "final order of the Board" in the courts of appeals).

[6] *S. Recycling, LLC v. Aguilar*, 982 F.3d 374, 381-82 (5th Cir. 2020).

the jurisdictional issue . . . be extricated from the merits and tried as a separate issue?"; and 3) "does judicial economy favor early resolution of the jurisdictional issue?"[7]

Here, all three considerations weigh in favor of determining jurisdiction as a threshold issue. First, the jurisdictional question in this case—whether the Final Rule is covered by the direct-review provision in Section 10(f) of the Act—is separate and distinct from Plaintiffs' merits claims, which turn on the Administrative Procedure Act and other provisions of the NLRA.[8] Second, the jurisdictional issue can be readily separated from the merits. The Board's arguments for transfer are based solely on the text of the NLRA and the venue provisions in 28 U.S.C. § 2112. Third, considerations of judicial economy strongly favor determining jurisdiction prior to the merits. Should the Court agree with the Board regarding the threshold jurisdictional (and venue) issues, it would obviate the need for this Court to consider the claims concerning a complex area of labor law raised by Plaintiffs in their Motion for Summary Judgment. Accordingly, it is legally appropriate and will conserve the resources of both this Court and the parties for this Court to determine the jurisdictional issue before the parties have to brief the merits of this case.

### III. Plaintiffs have not demonstrated good cause for accelerated briefing on the merits, in tandem with jurisdictional briefing, and the Board would be prejudiced by such an order

Contrary to the Motion to Expedite (ECF 11 at 1), Plaintiffs' proposed briefing schedule is not "fair to both sides." Rather, it would place an extraordinary burden on the Board in a case in which neither jurisdiction nor venue are proper in this Court. As noted below in Section IV, the Board has proposed an alternative briefing schedule that would eliminate the need for

---

[7] *Pickett v. Tex. Tech Univ. Health Scis. Ctr.,* 37 F.4th 1013, 1019 (5th Cir. 2022) (quoting *S. Recycling*, 982 F.3d at 379-82).
[8] *See AFL-CIO*, 57 F.4th at 1032-33.

unnecessary filings, while also meeting Plaintiffs' request to conclude merits briefing prior to the Final Rule's effective date, as well as provide some additional time to brief the merits.[9] In contrast, Plaintiffs' proposed schedule is unnecessarily burdensome and would unduly prejudice the Board's case, as it requires briefing jurisdictional arguments and the merits of the case in tandem, while also seeking to shorten deadlines imposed by the Federal Rules of Civil Procedure and this Court's Local Rules.

Plaintiffs have not met the statutory standard to show "good cause" for expedited consideration. 28 U.S.C. § 1657(a). Good cause is shown "if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit."[10] Plaintiffs' arguments for good cause essentially amount to a purported pressing need to decide whether they will take certain actions to avoid the possibility of being found to be a joint employer with another entity under the Final Rule. But if such purported "harm" constituted good cause for expedited consideration, then almost every rulemaking litigation would be fast-tracked. (ECF 11, at 1-2). Further, Plaintiffs' failure to show good cause for their aggressive briefing schedule is particularly apparent given that the Board's alternative proposal, presented below, would still permit this Court to rule on summary judgment before the Final Rule's effective date. See Section IV, below; see also Motion to Expedite at 2 (stating that "a decision *before* the Rule's effective date is of the utmost importance"). And even if an order in this case were to issue after the effective date of the Final Rule, the harms of which Plaintiff complain are speculative at best and could be more fully

---

[9] While the requested additional eight days (as compared to Plaintiffs' expedited schedule) may not seem significant, given the importance of this case, as well as Board attorneys' other obligations mentioned below, this additional time is in fact critical.

[10] *Id; see also EEOC v. Big Lots Stores, Inc.*, 2009 WL 3617603, at *4 (E.D. Tex. 2009) (denying motion to alter schedule for failure to show "good cause" under Section 1657(a)).

addressed were they properly developed in a motion for preliminary injunction or a motion to stay under 5 U.S.C § 705.

Indeed, the proper procedure for seeking to enjoin the Final Rule before a date certain is to seek a preliminary injunction (or, as noted below, a stay under Section 705), which "is an extraordinary remedy never awarded as of right."[11] Such relief is only awarded upon the moving party showing that, among other things, there is a substantial threat of irreparable harm if the injunction is not granted and a substantial likelihood that the movant will succeed on the merits of its claims.[12] Rather than attempting to make that demanding showing here, Plaintiffs seek to impose an impractical timeline on the parties and the Court to consider the entire merits of the case regarding a Final Rule consisting of over 70 pages in the Federal Register and involving a nuanced and complex area of federal law. Plaintiffs should not be permitted to circumvent the requirements for obtaining preliminary injunctive relief by substituting an impractically fast-paced merits briefing schedule as a substitute for that showing.

What's more, Plaintiffs have not shown that their interest in expedited merits briefing in tandem with jurisdictional briefing outweighs the potential prejudice to the Board if Plaintiffs' requested briefing schedule is granted.[13] Indeed, had Plaintiffs not pressed for an expedited schedule, the Board would likely have asked for a significant extension for summary judgment

---

[11] *Benisek v. Lamone*, 138 S.Ct. 1942, 1943 (2018) (quotation omitted).

[12] *See Mock v. Garland*, 75 F.4th 563, 577 (5th Cir. 2023); *see also Texas v. Biden*, 646 F. Supp. 3d 753, 771 (N.D. Tex. 2022) (stating that motions to stay under Section 705 "are reviewed under the same standards used to evaluate requests for interim injunctive relief" (quoting *Affinity Healthcare Servs. v. Sebelius*, 720 F. Supp 2d 12, 15 n.4 (D.D.C. 2010)).

[13] *See, e.g., HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (reviewing scheduling decision for prejudice to the non-moving party and noting that, in making scheduling decisions, the district court "must consider not only the facts of the particular case but also all of the demands on counsel's time and the [C]ourt's" (internal quotations omitted)).

briefing given other briefing commitments[14] and Board attorneys' unavailability because of the upcoming Thanksgiving holiday.

Even more troublesome, Plaintiffs' proposal would impede careful briefing of the instant case. The Board's attorneys require significant time to review the record in this case and diligently prepare for briefing of both Plaintiffs' Motion for Summary Judgment and the Board's corresponding cross-motion. Further, the administrative record has not yet been filed, and the proposed schedule in the Motion to Expedite does not include a deadline for that filing.

As Plaintiffs point out, this issue is one of significant importance and thus this case must be litigated with due care. Plaintiffs' proposed briefing schedule, coupled with the other agency and attorney obligations described above, would make doing so an extreme challenge.

**IV. Alternative Proposed Briefing Schedule**

As discussed above, the Board is currently deliberating whether to exercise its power under 5 U.S.C. § 705 to voluntarily extend the effective date of the Final Rule. Regardless of whether the Board extends the effective date, its position remains that jurisdictional issues should be addressed prior to reaching the merits in the underlying dispute.

In the event the Board does not extend the effective date of the Final Rule, the Board proposes the following alternative briefing schedule, which would permit consideration of the

---

[14] The Board attorneys primarily responsible for briefing and reviewing filings in this matter have a variety of obligations in other cases, including, but not limited to, filing a reply brief on December 4 in *Leslie v. Starbucks Corp.*, No. 23-1194 (2d. Cir. appeal docketed Aug. 25, 2023); litigating an unfair-labor-practice proceeding on November 16 and 17, in *Healthbridge Management, LLC*, NLRB Cases 34-CA-070823, *et al.*; filing a reply brief on December 4 in *Leslie v. Starbucks Corp.*, No. 23-1194 (2d. Cir. appeal docketed Aug. 25, 2023); preparing a dispositive motion by early December in *Cortes v. NLRB*, No. 1:23-cv-02954 (D.D.C. filed Oct. 4, 2023); and appearing for oral argument on December 7 in *Oakrheem, Inc. v. NLRB*, Nos. 23-47, 23-77 (9th Cir.) and on December 15 in *Cadillac of Naperville, Inc. v. NLRB*, No. 22-1288 (D.C. Cir.).

forthcoming Motion to Transfer prior to merits briefing, provide for an aggressive yet manageable briefing scheduling for Board attorneys, and take into consideration Plaintiffs' desire to have the merits briefed before the Final Rule's present effective date of December 29.

- November 16, 2023—deadline for the Board to file its Motion to Transfer;
- November 22, 2023—deadline for Plaintiffs to file their anticipated opposition to the Board's Motion to Transfer;
- November 28, 2023—deadline for the Board to file its reply to Plaintiffs' opposition to the Board's Motion to Transfer.

Should the Court deny the Board's Motion to Transfer or issue no ruling on it by December 7, 2023, the summary judgment motions could be briefed on the following schedule:

- December 8, 2023—deadline for the Board to file its opposition to Plaintiffs' Motion for Summary Judgment together with a Cross-Motion for Summary Judgment;
- December 15, 2023—deadline for Plaintiffs to submit their reply in support of their Motion for Summary Judgment together with their Opposition to the Board's Motion for Summary Judgment.

The Board would be willing, in a showing of good faith and reasonableness, to waive its right to file a reply brief in support of its Cross-Motion for Summary Judgment in order to permit the Court to rule on the motion and cross-motion for summary judgment, if it chooses to do so, prior to December 29.

With respect to the Court's Order (ECF No. 15) that the Board include in its proposed briefing schedule a timeline for briefing on a stay under 5 U.S.C. § 705, given that the standards for a stay are closely tied to the issues on the merits, we would propose the following deadlines:

- Monday, November 20—Plaintiffs amend or otherwise supplement their motion for summary judgment to add a request for a stay under 5 U.S.C. § 705 if the Court so orders. Given that the summary judgment motion already discusses the merits of the case at length, we would propose a limit on any such filing of 10 pages.
- Should the Court deny the Board's Motion to Transfer or fail to rule on it by December 7, the Board could include in its December 8 filing (see above) an opposition to Plaintiffs' arguments in support of a stay. The Board's omnibus filing, consisting of an opposition to Plaintiffs' Motion for Summary Judgment, a Cross-Motion for Summary Judgment, and opposition to Plaintiffs' request for a stay could be limited to 50 pages.
- Plaintiffs' December 15 filing (see above) could then also include a reply to the Board's opposition to the request for a stay.

Respectfully submitted,

Kevin P. Flanagan
*Deputy Assistant General Counsel*
(No official bar number in Maryland)
Tel: (202) 273-2938
kevin.flanagan@nlrb.gov

Elisabeth H. Campbell
*Attorney*
NYS Bar Reg. No. 5935325
Tel: (202) 273-0121
elisabeth.campbell@nlrb.gov

/s/ Christine Flack
Christine Flack
*Senior Attorney*
(No official bar number in Maryland)
Tel: (202) 273-2842
christine.flack@nlrb.gov

Tyler Wiese
*Senior Attorney*
Minnesota Bar No. 0329601
(Appearance *pro hac vice* forthcoming)
Tel: (952) 703-2891
tyler.wiese@nlrb.gov

Shawnnell T. Barnett
*Attorney*
DC Bar No. 1531575
Tel: (202) 316-6397
shawnnell.barnett@nlrb.gov

National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1015 Half St. SE
Washington, DC 20003
Fax: (202) 273-4244

*Attorneys for Defendants*

Dated: November 15, 2023

# **CERTIFICATE OF SERVICE**

I certify that on November 15, 2023, I filed the foregoing document, Defendants' Opposition to Plaintiff's Motion For An Expedited Briefing Schedule and Proposed Alternative Briefing Schedule, with this Court using the CM/ECF filing system, and a copy is being served on the ECF Filers electronically by the Notice of Docket activity.

/s/ Christine Flack
CHRISTINE FLACK
*Senior Attorney*
(No official bar number in Maryland)
Tel: (202) 273-2842
Fax: (202) 273-4244
christine.flack@nlrb.gov

# CERTIFICATE OF CONFERENCE

The undersigned certifies that on November 13, 2023, the undersigned complied with the meet and confer requirement in Local Rule CV-7(h). Defendants agree with Plaintiffs' summary of the conference as laid out in the underlying Motion to Expedite [ECF No. 11], including the attendees and the summary of issues that the parties were unable to resolve.

On November 15, counsel for the Defendants—the undersigned, Tyler Wiese, Kevin Flanagan, and Elisabeth Campbell—further conferred via video conference with Plaintiffs' counsel, Pratik Shah, joined by James Tysse, James Crowley, and Margaret Rusconi, regarding the issue of whether Plaintiffs intend to submit supplemental briefing regarding 5 U.S.C. § 705 in light of the Court's November 14, 2023 Order [ECF No. 15]. Plaintiffs' counsel were informed of Defendant's intent to propose the briefing schedule set forth herein, but were not able to provide an immediate answer prior to the 2:00 p.m. CST deadline for the instant filing. Plaintiffs' counsel were additionally informed that Defendants' counsel is consulting with the Board regarding a voluntary extension of the effective date and expects to have further information soon. Counsel for both sides agreed they would consult at their earliest convenience upon receiving the relevant updates from their clients.

/s/ Christine Flack
CHRISTINE FLACK
*Senior Attorney*
(No official bar number in Maryland)
Tel: (202) 273-2842
Fax: (202) 273-4244
christine.flack@nlrb.gov

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

|  |  |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, *et al.*, <br><br> Defendants. | Civil Case No. 6:23-cv-00553-JCB |

## [PROPOSED] ORDER

Before the Court is Plaintiffs' Motion for Expedited Consideration and Defendants' Opposition and Proposed Alternative Briefing Schedule. Upon due consideration, it is hereby

**ORDERED** that Plaintiffs' Motion for Expedited Consideration is DENIED, and Defendants' Alternative Briefing Scheduled is GRANTED. It is further

**ORDERED** that the following briefing schedule shall apply as to Defendants' Motion to Transfer:

- November 16, 2023—deadline for the Board to file its Motion to Transfer;

- November 22, 2023—deadline for Plaintiffs to file an opposition to the Board's Motion to Transfer;

- November 28, 2023—deadline for the Board to file its reply to Plaintiffs' opposition to the Board's Motion to Transfer.

It is further **ORDERED** that should the Court deny the Board's Motion to Transfer or fail to rule on it by December 7, 2023, the Summary Judgment motions will be briefed on the following schedule:

- December 8, 2023—deadline for the Board to file its opposition to Plaintiffs' Motion for Summary Judgment, a Cross-Motion for Summary Judgment, and a response on whether the Final Rule should be stayed under 5 U.S.C. § 705. This omnibus briefing shall be limited to 50 pages;
- December 15, 2023—deadline for Plaintiffs to submit their reply in support of their Motion for Summary Judgment together with their Opposition to the Board's Motion for Summary Judgment.

It is further **ORDERED** that the following briefing schedule will apply as to the question of whether the Final Rule should be stayed under 5 U.S.C. § 705:

- November 20, 2023—deadline for Plaintiffs to amend or otherwise supplement their motion for summary judgment to add a request for a stay under 5 U.S.C. § 705. This briefing shall be limited to 10 pages.
- December 8, 2023—deadline for Defendants to file omnibus briefing. This briefing shall be limited to 50 pages.
- December 15, 2023—deadline for Plaintiffs to file reply briefing, including addressing any arguments regarding a potential stay under 5 U.S.C. § 705.
- **SO ORDERED**