IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD *et al.*, <br><br> Defendants. | Civil Action No. 6:23-cv-553 |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER**

The National Labor Relations Board's reply is more notable for what it does *not* say than for what it does. The Board does not deny that no court has ever read section 10(f) of the National Labor Relations Act (NLRA) to require direct appellate review of Board rulemaking. The Board does not deny that the Board itself never took that view until 2020—85 years after its creation and the NLRA's enactment. And the Board does not deny that the first party ever to seek direct appellate review of a Board rule is the union that filed the D.C. Circuit petition for review of the rule at issue here—the same union that *supports* the rule and whose 2021 suit against the Board's previous joint employer rule is pending in *district* court. Of course, the Board's silence is unsurprising: all of those irrefutable facts confirm the unprecedented nature of its jurisdictional position and the untenable nature of its statutory construction.

1

The few new (atextual) points the Board does raise are easily rebutted. *First*, the Board stresses that when Congress enacted the NLRA (in 1935) and last amended the Act's rulemaking provision (in 1947), "pre-enforcement challenges to rules were rare and widely assumed to be unripe." Reply at 11, 13. That argument *supports* Plaintiffs' plain-text reading of section 10(f). If Congress did not contemplate rulemaking challenges like this one, then it had no reason to provide for direct review of them. And if it thought judicial review was available only after an enforcement proceeding, then its reference to "final orders of the Board" must refer only to orders resulting from an enforcement proceeding (*i.e.*, an adjudication proceeding). The Board's contrary logic—that Congress never contemplated rule challenges and yet simultaneously "intended" for such challenges to be heard in circuit court—"makes no practical sense." Reply at 14.

*Second*, the Board repeatedly quotes *Bokat v. Tidewater Equipment Co.*, 363 F.2d 667 (5th Cir. 1966). *See* Reply at 7, 12, 15. But that case, which concerned an unfair labor practice proceeding, says nothing about district-court review of Board rules. The question presented was "whether the District Courts . . . are to be open to police the procedural purity of the NLRB's [adjudicative] proceedings long before the administrative process is over, or for that matter, scarcely begun." *Bokat*, 363 F.2d at 669. The answer is "no" because a court of appeals can consider procedural issues when reviewing a final "unfair labor practice order" under sections 10(e) and 10(f). Although district courts may "have a very very minor role to play *in this statutory structure*," *id.* at 673 (emphasis added)—which requires direct appellate review of orders in such unfair labor practice proceedings—that says nothing about review of Board *rulemaking*.

*Finally*, the Board again invokes the D.C. Circuit's opinion in *AFL-CIO v. NLRB*, 57 F.4th 1023 (D.C. Cir. 2023). But the Board both misreads that opinion and runs away from its actual holding. Specifically, the Board contends that "the D.C. Circuit squarely found that a rule

2

'concerning unfair labor practices' would be covered by Section 10(f) under its precedent." Reply at 15-16; *see also id.* at 9 n.9.  But as Plaintiffs explained (Opp. at 20) (and the Board ignored), whether section 10(f) applied to rules "concerning unfair labor practices" did not matter because, "*even accepting that 'final order' also extends to rules*," section 10(f) did not cover the representation rule at issue.  *AFL-CIO*, 57 F.4th at 1033 (emphasis added).  Thus, any musings about section 10(f)'s potential applicability to rules "concerning unfair labor practices" are (at most) dicta.  *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 205 (5th Cir. 2009) (statements that are "unnecessary" to a case's holding "constitute non-binding dicta").  Beyond that, the Board distances itself from the D.C. Circuit's ultimate holding:  that section 10(f) does *not* allow direct review of rules concerning representation elections.  *See* Reply at 15 n. 47 ("[T]he NLRB has not yet determined whether to acquiesce to or challenge the D.C. Circuit's ruling[.]").  Indeed, the Board reserves the right to make the even more extreme argument that section 10(f) covers *all* rules, regardless of their connection to "some kind of unfair labor practice," expressly rejected by the D.C. Circuit.  *AFL-CIO*, 57 F.4th at 1032.

*   *   *

Courts often face complicated statutory-construction questions—questions that require sentence diagrams, grammar books, canons of statutory interpretation.  But sometimes courts face questions that can be decided simply by reading the statute to confirm an unbroken decades-old understanding.  The latter is true here.

The Court should deny the Board's motion to transfer.

Dated:  December 18, 2023

Stephanie A. Maloney
  D.C. Bar No. 1044276 (*pro hac vice*)
Jordan L. Von Bokern
  D.C. Bar No. 1032962 (*pro hac vice*)
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, DC 20062-2000
Telephone:  (202) 463-5337
smaloney@uschamber.com
jvonbokern@uschamber.com

*Attorneys for the Chamber of Commerce of the United States of America*

Maury Baskin
  D.C. Bar No. 248898 (*pro hac vice*)
Littler Mendelson
815 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20006
Telephone:  (202) 842-3400
Facsimile:  (202) 842-0011
mbaskin@littler.com

*Counsel to Associated Builders and Contractors and International Franchise Association*

Angelo I. Amador
  D.C. Bar No. 480031 (*pro hac vice*)
Restaurant Law Center
2055 L Street, N.W.
Suite 700
Washington, D.C. 20036
Telephone:  (202) 331-5913

*Counsel for the Restaurant Law Center*

Respectfully submitted,

/s/ *Pratik A. Shah*
Pratik A. Shah (Lead Attorney)
  D.C. Bar No. 497108 (*pro hac vice*)
James E. Tysse
  D.C. Bar No. 9787522 (*pro hac vice*)
James C. Crowley
  D.C. Bar No. 208946 (*pro hac vice*)
Margaret O. Rusconi
  D.C. Bar No. 1719371 (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
pshah@akingump.com
jtysse@akingump.com
jcrowley@akingump.com
mrusconi@akingump.com

Laura P. Warrick
  Texas Bar No. 24079546
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone:  (214) 969-4770
Facsimile:  (214) 969-4343
lwarrick@akingump.com

*Counsel to Plaintiffs Chamber of Commerce of the United States of America, American Hotel and Lodging Association; Associated Builders and Contractors; Associated General Contractors of America; Coalition for a Democratic Workplace; International Franchise Association; Longview Chamber of Commerce; National Association of Convenience Stores; National Retail Federation; Restaurant Law Center; Texas Association of Business; and Texas Restaurant Association*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 18, 2023, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, Eastern District of Texas, using the electronic case file system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      */s/ Pratik A. Shah*
      Pratik A. Shah