UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00553

**Chamber of Commerce of the United States of America et al.**,
*Plaintiffs*,
v.
**National Labor Relations Board et al.**,
*Defendants*.

# ORDER

Before the court is a motion by the American Hospital Association (AHA) for leave to file an amicus brief in support of plaintiffs' motion for summary judgment. Doc. 26. AHA represented that defendants "indicated that they 'take no position'" on AHA's motion, but defendants later indicated their opposition in a footnote of their cross-motion for summary judgment. *See* Doc. 34 at 42–43 n.175 ("The court should reject the American Hospital Association (AHA)'s proposed brief as it raises novel arguments beyond the scope of the issues raised by Plaintiffs.").

Federal district courts have inherent authority to allow the filing of amicus briefs. *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990). For guidance, district courts commonly refer to Federal Rule of Appellate Procedure 29 in deciding whether or not to allow an amicus brief. *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007). And the Fifth Circuit has explained that courts would be "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (quoting *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002)).

AHA has met Rule 29's criteria as broadly interpreted. Rule 29 only requires that the putative amicus state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters

asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). AHA is clearly an interested party as it "represents the interests of more than 5,000 hospitals, health care systems, and other health care organizations" that "have a strong interest in ensuring that NLRA is not misinterpreted in ways that inhibit their ability to rely on contract workers." Doc. 27 at 5.

As defendants point out, an amicus "cannot raise an issue raised by neither of the parties absent exceptional circumstances." *Christopher M. ex rel. Laveta McA. v. Corpus Christi Indep. Sch. Dist.*, 933 F.2d 1285, 1292 (5th Cir. 1991). The court will not use the amicus brief for that purpose. But the proposed brief could be helpful to the court at least insofar as it demonstrates how one industry views the joint-employer rule applying to it. Accordingly, the American Hospital Association's motion for leave to file amicus curiae brief (Doc. 26) is granted, and the proposed brief (Doc. 27) is deemed filed.

*So ordered by the court on February 8, 2024.*

J. CAMPBELL BARKER
United States District Judge